James E. DAVIS and Virginia Calame, Plaintiffs–Appellees,

v.

MID–CENTURY INSURANCE COMPANY and Farmers Group, Inc., Defendants–Appellants.

No. 00–6224.

United States Court of Appeals, Tenth Circuit.

Nov. 20, 2002.

Eric S. Eissenstat (Burck Bailey and Dino E. Viera with him on the briefs) of Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, OK, for Defendants–Appellants.

John T. Edwards and Shannon L. Edwards of Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, OK, for Plaintiffs–Appellees.

Before EBEL, McKAY, and CUDAHY,* Circuit Judges.

McKAY, Circuit Judge.

Appellees Mr. Davis and Ms. Calame jointly owned real estate damaged by a hail storm. In its March 26, 1998 Order, the district court for the Western District of Oklahoma granted summary judgment to Appellees holding that the cost to remove damaged shingles and the labor cost involved in installing new shingles were

---

* Honorable Richard D. Cudahy, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

not subject to depreciation under the actual cash value provision of Appellees' dwelling policy.

Prior to submitting Appellees' bad faith insurance claim to a jury, the parties stipulated Appellees' damages to be $439.50. Aplt.App. at 1215. Appellants, however, retained the right to challenge the district court's holdings that the cost to remove damaged shingles and the labor cost involved in installing new shingles were not subject to depreciation. At trial, the jury awarded Appellees $40,000 in damages on Appellees' bad faith claim and awarded Appellees $17,000,000 in punitive damages.

On appeal, Appellants contest the district court's holdings that the cost of removing damaged shingles and the labor cost involved in installing new shingles cannot be depreciated. Other issues on appeal include whether the district court erred in failing to grant Appellants' Judgment as a Matter of Law on Appellees' bad faith claim, whether the district court erred in allowing the issue of punitive damages to reach the jury, and whether the district court erred in allowing Appellees to pierce the corporate veil making Appellant Farmers Group, Inc., liable for the punitive damages assessed against Appellant Mid–Century Insurance.

On appeal, we companioned this case with *Branch v. Farmers Insurance Co.* (Appeal No. 00–6385). We then abated both cases pending a response from the Oklahoma Supreme Court to three certified questions. The Oklahoma Supreme Court's response is attached to our decision in *Branch* and by reference is made a part of this opinion. We issue this opinion simultaneously with the *Branch* decision, 311 F.3d 1241, and in accordance with the Oklahoma Supreme Court's holdings.

 The Oklahoma Supreme Court's answers to our certified questions resolve the underlying issues for us. The cost of removing damaged shingles is not subject

to depreciation. However, the labor cost of installing new shingles is subject to depreciation. The Oklahoma Supreme Court's answers indirectly resolve the bad faith and punitive damages issues as well.

 "[A]n insurer has an implied duty to deal fairly and act in good faith with its insured[,] and ... the violation of this duty gives rise to an action in tort...." *Christian v. American Home Assurance Co.*, 577 P.2d 899, 904 (Okla.1977). However, "the tort of bad faith does not prevent the insurer from resisting payment or resorting to a judicial forum to resolve a legitimate dispute." *Skinner v. John Deere Ins. Co.*, 998 P.2d 1219, 1223 (Okla.2000). For bad faith liability to attach, the law at the time of the alleged bad faith must be settled. *See id.* at 1224.

 The law was not settled at the time of Mid–Century's actions. "There was no conclusive precedential legal authority on the issue" of whether the costs associated with the removal of damaged shingles or the labor costs incurred in installing new shingles were properly subject to depreciation under the actual cash value provision of a dwelling policy. *See id.* at 1223. Furthermore, the Oklahoma Supreme Court ultimately found Mid–Century's position regarding the issues to be partially correct. (Cost of labor to install new shingles is depreciable, cost to remove damaged shingles is not). As a matter of law, Appellants' litigation of this legitimate coverage dispute cannot constitute bad faith because Appellants' position in the litigation was reasonable. *See Thompson v. Shelter Mut. Ins.*, 875 F.2d 1460, 1462 (10th Cir.1989).

We affirm the district court's holding that the cost of removing damaged shingles is not subject to depreciation. We reverse the district court's holding that the labor cost incurred to install new shingles is not depreciable. Accordingly we direct

the district court to amend the amount of damages awarded to Appellee from $439.50 to $165.00. Furthermore, we reverse the district court's denial of Mid–Century's Motion for Judgment as a Matter of Law on Appellees' bad faith claim. Because Mid–Century did not act in bad faith as a matter of law, we also reverse the jury's award of punitive damages against Mid–Century. We need not consider the piercing of the corporate veil issue as our decision renders it moot.

**AFFIRMED in part, REVERSED in part,** and **REMANDED** to the district court for entry of judgment consistent with this opinion.